**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

September 22, 2021

LETTER TO COUNSEL

    RE:    *Cynthia C. v. Commissioner, Social Security Administration*
             Civil No. SAG-20-2710

Dear Counsel:

On September 18, 2020, Plaintiff Cynthia C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, Plaintiff's corrected Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, and Plaintiff's reply. ECF Nos. 11, 13, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claims for benefits on February 1, 2018, alleging a disability onset date of September 1, 2016. Tr. 195-205. Her claims were denied initially and on reconsideration. Tr. 79, 96, 114, 128. A hearing was held on March 20, 2020, before an Administrative Law Judge ("ALJ"). Tr. 33-63. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "chronic pain syndrome, bursitis of the bilateral hips, osteoarthritis of the lumbar spine, osteoarthritis of the left shoulder, major depressive disorder, and adjustment disorder with depressed mood." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except she can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never be exposed to hazards, such as dangerous moving machinery and unprotected heights. She can understand,

*Cynthia C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2710
September 22, 2021
Page 2

> remember and carry out simple instructions and make simple work related decisions. She can sustain an ordinary routine without special supervision. She can work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas. She can tolerate occasional interaction with coworkers and supervisors and the public. She can tolerate occasional changes in work setting.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a nurse assistant, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 25-27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

Plaintiff raises two primary arguments on appeal, specifically that the ALJ erroneously: (1) failed to explain her reasoning in Plaintiff's RFC as to why Plaintiff could perform medium work and why she did not address Plaintiff's use of a cane, and (2) failed to properly assess Plaintiff's subjective complaints. ECF No. 13.

First, Plaintiff argues remand is necessary because the ALJ failed to explain why, despite Plaintiff's impairments, the ALJ determined in Plaintiff's RFC that she could perform medium work. *Id.* at 15-17. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996). In making the assessment, the ALJ determines "the capacity [an individual] possesses despite the limitations caused by impairments." *Britt v. Saul*, No. 19-2177, 2021 WL 2181704, at *5 (4th Cir. May 28, 2021) (citing 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). The Fourth Circuit "ha[s] rejected a per se rule requiring remand when the [ALJ] does not perform an explicit function-by-function analysis." *Id.* (citation omitted). Rather, "[m]eaningful review is frustrated—and remand necessary—only where '[the Court] [is] unable to fathom the [ ] rationale in relation to evidence in the record." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Further, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Indeed, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Here, the ALJ discussed Plaintiff's impairments and found that they could reasonably be expected to cause Plaintiff's symptoms, but that Plaintiff's statements were "inconsistent with findings on examination and diagnostic testing." R. at 23. Specifically, the ALJ noted that "while [Plaintiff] complained of severe low back pain [and "significant bursitis of her hips"] . . . she generally had a normal gait, no limp, and full strength in her lower extremities [and bilateral hips]." *Id.* The ALJ additionally noted that Plaintiff received conservative treatment and "engaged in significant activities of daily living despite her impairments." *Id.* As Plaintiff argues, however,

*Cynthia C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2710
September 22, 2021
Page 3

the state agency medical consultants determined that Plaintiff could perform light work, rather than medium work, at both the initial and reconsideration review levels. R. at 75, 92, 111, 125. The ALJ noted that she considered these determinations and found them to be persuasive, but determined that Plaintiff was "not as limited based on treatment notes. Specifically, treatment observations show[ed] that [Plaintiff] had bilateral hip tenderness, lumbar pain, and chronic pain[] syndrome, yet she had a normal gait, no limp, and full strength in her upper and lower extremities." R. at 24. These treatment observations, however, were also considered by the state agency medical consultants. Both consultants noted that Plaintiff had a normal gait and full strength. R. at 74, 92, 110, 124. Yet, both consultants still recommended that Plaintiff was capable of light work "due to multilevel spinal [degenerative disc disease] and facet arthrosis." R. at 75, 92, 111, 125. As Plaintiff notes, "[t]he ALJ did not cite any evidence that contradicted [the state agency medical consultants'] opinions or that they did not consider." ECF No. 13 at 16. Instead, it appears that the ALJ reinterpreted the same records and arrived at a different result based upon her review of Plaintiff's treatment notes and her own belief, apparently, that Plaintiff was able to lift up to 50 pounds despite her medical conditions. "In so doing, the ALJ impermissibly substituted [her] lay opinions for the judgments of medical professionals." *Brown v. Comm'r, Soc. Sec. Admin.*, 873 F.2d 251, 271 (4th Cir. 2017); *see also Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 108 (4th Cir. 2020) ("An ALJ may not substitute his own lay opinion for a medical expert's when evaluating the significance of clinical findings."), *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) ("In finding that [the physician's] clinical findings did not support [the ALJ's] conclusions as to plaintiff's functional limitations, the ALJ erroneously exercised an expertise he did not possess . . . ."). Accordingly, I am unable to determine that the ALJ's decision is supported by substantial evidence.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: (1) address Plaintiff's use of a cane in the RFC, or (2) properly assess Plaintiff's subjective complaints. It would appear, however, that the ALJ may have failed to properly assess Plaintiff's subjective complaints and to consider the context of Plaintiff's activities of daily living and whether these activities indicate that Plaintiff could work an 8-hour workday. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge